UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMI K. NAPOLITANO,        ) | |
| )   | |
| Plaintiff,       ) | |
| )   | |
| v.                                           ) | Civil Action No.  1:20-cv-02428 (UNA) |
| )   | |
| )   | |
| JEROME H. POWELL, *et al*., ) | |
| )   | |
| Defendants.     ) | |

## **MEMORANDUM OPINION**

This matter is before the court on plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP").  The court will grant plaintiff's IFP application and dismiss the complaint for failure to state a claim, *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii).

Plaintiff, a resident of Hammonton, New Jersey, sues Jerome Powell, Sam Powell, and Elisa Leonard, as well as the "Rivera Family."  Defendants reside in Chevy Chase, Maryland, however, plaintiff alleges without specificity that Jerome Powell "also resides" in Washington, D.C.  Plaintiff broadly alleges that the individually named defendants conspired with the Rivera Family, who are allegedly engaged in organized crime, to rob her and to seize her phones and computers.  She alleges that, as a result of the robbery, defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Plaintiff seeks "a billion" dollars in damages.

A plaintiff bringing a civil RICO claim must allege that (1) a person or persons (2) associated with an enterprise (3) conducted (4) the affairs of the enterprise (4) through a pattern (5) of racketeering activity. *Bates v. Nw. Human Servs., Inc*., 466 F. Supp. 2d 69, 78 (D.D.C. 2006) (citing *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985)).  Such an enterprise must


constitute an ongoing organization, formal or informal, furthered by the various associates comprising the enterprise function as a continuing unit. *Id.* Furthermore, in order to plead a "pattern of racketeering activity," a plaintiff must specifically allege "at least two acts of racketeering activity . . . within ten years." *Center for Immigration Studies v. Cohen*, 410 F. Supp. 3d 183, 192 (D.D.C. 2019) (citing 18 U.S.C. § 1961(5)). "In addition to the requisite number of predicate acts, the plaintiff must [also] show 'that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity.' " *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1264 (D.C. Cir. 1995) (quoting *H.J. Inc. v. N.W. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). Plaintiff fails to provide the required information to sufficiently plead a pattern of racketeering. *See Edmondson*, 48 F.3d at 1263 (listing factors).

Even if plaintiff had sufficiently established a RICO claim, she has failed to show that this court may exercise personal jurisdiction over these defendants. Plaintiff contends, in passing and with little detail, that one of the four defendants lives in both Maryland and the District, but there are no allegations that he, or any of the other defendants, are domiciled in or maintain a principal place of business in the District of Columbia, *see* D.C. Code § 13–422, or that this court may exercise specific jurisdiction through the District's long-arm statute, *see* D.C. Code § 13-423(a); *see also Shafer v. Children's Hosp. Soc'y of Los Angeles*, 265 F.2d 107, 122 (D.C. Cir. 1959) ("Citizenship depends upon domicile, and, as domicile and residence are two different things, it follows that citizenship is not determined by residence."). In fact, it is unclear what, if any, connection this District has to plaintiff's intended claims. Consequently, this case will be dismissed. A separate order accompanies this memorandum opinion.

Date: September 29, 2020  \_\_\_\_/s/_____  
 RUDOLPH CONTRERAS  
 United States District Judge